SANTIAGO ET AL., DEMANDANTES Y APELADOS, *v.* SANTIAGO ET
AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre nulidad y reivindicación.

No. 2054.—Resuelto en diciembre 14, 1920.

SENTENCIA QUE RESUELVE TÁCITAMENTE ALEGACIONES DE LA CONTESTACIÓN—MA-
TERIA NUEVA DE LA CONT. STACIÓN — CONTESTACIÓN. — Una sentencia no es
forzosamente errónea por el hecho de que al declarar con lugar la demanda
por considerar probadas las alegaciones de la misma, deje de hacer refe-
rencia, y no la haga tampoco la opinión, a la materia nueva alegada en la
contestación, pues al fallar a favor del demandante, tácitamente declara que
los demandados no probaron los hechos alegados en la materia nueva de la
contestación.

EVIDENCIA—DOCUMENTO PRIVADO—PRUEBA DE LA SIMULACIÓN DE UNA VENTA.—De
acuerdo con los Nos. 2 y 4 del artículo 35 de la Ley de Evidencia es admi-
sible como prueba, una vez acreditada su legitimidad, un documento privado
por el cual el causante de los demandantes hizo constar dos días después de
haber comprado la finca rústica que éstos tratan de reivindicar ahora y uno
después de haberla inscrito en el registro, que tal escritura fué valor enten-
dido entre los otorgantes, que desde aquel momento entregaba la finca a la
véndedora obligándose cuando ésta se lo exigiera a la devolución de la es-
critura, a traspasársela ante notario, y que si falleciere sin dejar alguna
persona encargada de dicho empeño lo hará por él el que por razón y ley
le corresponda representarlo; pero no es admisible como prueba un docu-
mento privado en que a los dos meses de fallecido el causante de los de-
mandantes la viuda de aquél reconoció la simulación de la escritura por la
cual su esposo adquirió la finca antes citada.

REIVINDICACIÓN—VENTA SIMULADA.—Siendo preciso que el que ejercita la acción
reivindicatoria sea dueño de la cosa, y habiéndose probado en este caso que
el causante de los demandantes no fué dueño de ella porque adquirió simu-
ladamente la finca objeto de la reivindicación pues en la venta no medió
precio ni el adquirente tomó posesión de la finca, es preciso concluir que los
demandantes no pueden reivindicarla, pues su padre estaba impedido de
negar la simulación de la compra-venta.

Los hechos están expresados en la opinión.

Abogado de la parte apelante: *Sr. J. Tous Soto.*

Abogado de la parte apelada: *Sr. L. Tormes.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del
tribunal.

Los hijos y herederos de Portalatín Santiago Galarza de-
mandaron a los hijos y herederos de su tío Gregorio San-
tiago Galarza y a la viuda de éste Ana María Torres soli-

citando la reivindicación de dos fincas radicadas en el barrio de Yayales de Adjuntas con cinco cuerdas de terreno una y la otra con once y media cuerdas, más los frutos por ellas producidos, alegando como causa de su acción que al morir su padre Portalatín en 9 de febrero de 1908 era dueño de esas dos fincas en pleno dominio y que en la partición de sus bienes practicada por escritura de 7 de noviembre del mismo año de su fallecimiento fueron adjudicadas a Gregorio Santiago Galarza en pago de una deuda de quinientos dólares, sin que se obtuviera autorización judicial para su enajenación, a pesar de que los demandantes eran entonces menores de edad.

Los demandados aceptaron sustancialmente todos los hechos de la demanda pero como materia nueva de defensa alegaron en la contestación con la cual fueron al juicio que Portalatín nunca fué dueño de las fincas expresadas porque aunque aparecen vendidas a él por Ana María Torres y por su esposo Gregorio Santiago Galarza, por escritura de 27 de diciembre de 1901, lo cierto es que no medió precio ni causa alguna para dicha venta, que fué simulada; que el supuesto comprador nunca entró en la posesión de las fincas, que otorgó un contra-documento en el cual se hizo constar la verdad de los hechos acaecidos y que la adjudicación en pago se hizo con el exclusivo propósito de devolver el título de las fincas a Gregorio y a su esposa. Alegaron, además, que en 1908 no era necesaria la autorización judicial para hacer adjudicaciones en pago de deudas en las particiones de herencia, según la interpretación de los tribunales de entonces y que la reclamación de los frutos estaba prescrita.

Celebrado el juicio recayó sentencia declarando nula la adjudicación en pago referida, ordenando la cancelación de su inscripción en el registro de la propiedad, que los demandados restituyan a los demandantes la posesión de las fincas y que deben pagar los frutos de ellas desde la interposición de la demanda, todo sin especial condena de costas.

Contra esta sentencia interpusieron los demandados este recurso de apelación siendo los dos primeros señalamientos de error los siguientes:

1. La corte erró al no resolver los *issues* presentados por la contestación, constitutivos de materia nueva de oposición a la demanda, a pesar de ser requerida expresamente para ello.

2. La corte erró al declarar con lugar la demanda por estar probadas las alegaciones de la misma, *ignorando* enteramente las alegaciones de la contestación, no controvirtiendo los hechos alegados en dicha demanda, sino alegando hechos nuevos, que de ser ciertos, destruyen la causa de acción de los demandantes.

Los apelantes argumentan conjuntamente esos dos errores alegados y lo mismo haremos nosotros.

Como en la opinión que la corte inferior escribió para fundar su sentencia se limitó a declarar probados los hechos de la demanda sin decir nada con respecto a las materias nuevas de defensa alegadas en la contestación, entienden los apelantes que no resolvió las cuestiones por ellos propuestas y que las ignoró.

No podemos estar conformes con los apelantes en que la corte cometiera esos errores pues al decidir por su sentencia la nulidad de la adjudicación en pago y al ordenar la devolución de las fincas a los demandantes quedaron resueltas por ella las cuestiones propuestas por los demandados porque no hubiera dictado la sentencia en esa forma si hubiera estimado probado que Portalatín no era dueño de dichas fincas en el momento de su muerte por ser simulada y sin causa la compra que anteriormente había hecho a los padres de los demandados y que la adjudicación en pago hecha en la partición de bienes no tuvo otro propósito que devolver el título de las fincas a sus verdaderos dueños los esposos Gregorio y Ana María; y si bien es cierto que la corte nada dijo acerca de estos particulares en su opinión esto no quita eficacia y fuerza a su sentencia ya que las ape-

laciones se establecen contra las sentencias y no contra sus fundamentos. Además, al expresar en su. opinión que los demandantes habían probado los hechos por ellos alegados, entre los que se encontraba el de que cuando murió su padre era dueño en pleno dominio de dichas fincas, tácitamente declaró que no se había probado por los demandados que no fuera tal dueño, por ser simulado y sin causa el título de su adquisición, ni que la adjudicación en pago sólo tuvo por objeto devolver el título de propiedad a los padres de los demandados.

Los apelantes argumentan conjuntamente los motivos de error tercero, cuarto y sexto, pero creemos que éstos y los demás que alegan pueden ser considerados al mismo tiempo por la íntima relación que guardan entre sí ya que se derivan de las pruebas.   Son los siguientes:

"3°. La corte erró al estimar nula la adjudicación en pago contenida en la partición bajo la régla del caso de *Longpré* v. *Díaz,* por no ser aplicable dicho caso, y porque si tal adjudicación no era válida como tal, lo era, sin embargo, considerada como una restitución a Gregorio Santiago de lo que era de su legítima pertenencia. Si en realidad no hubo enajenación, no hay términos hábiles para declarar nula una enajenación que no tuvo existencia.

"4°. La corte erró al estimar que la escritura de venta de 27 de diciembre de 1901, pudo transmitir algún título al causante de los demandantes, por carecer de causa y ser simulada.

"5°. La corte erró al estimar que el solo otorgamiento de la escritura, sin mediar la tradición originara ningún derecho dominical a favor del causante de los demandantes.

"6°. La corte erró al no conceder toda la fuerza probatoria que tiene el contra-documento suscrito por las partes coetáneo con el contrato de compraventa haciendo constar que ésta era simulada y sin causa.

"7°. La corte cometió error al no conceder eficacia a la admisión de la cónyuge viuda del causante de los demandantes y representante legal de éstos, Ramona Rodríguez, de que la finca de que se trata era propiedad del causante de los demandados, y al pacto de trasmitirlas a dicho causante, Gregorio Santiago Galarza.

"8°. La corte cometió error al excluir como prueba las declara-

ciones de los testigos Pelegrín López de Victoria, Modesto Roca y Lcdo. José F. Fernández Coronas, tendentes a probar admisión de la cónyuge viuda de Portalatín Santiago de que las fincas en cuestión no pertenecían a éste y sí a Gregorio Santiago y Galarza y a explicar por qué se hizo la adjudicación en pago de dichas fincas a éste en la escritura de partición.''

Siendo soltero Portalatín Santiago Galarza, aunque vivía en concubinato con Ramona Rodríguez, conocida por Velázquez, con quien había procreado nueve hijos que fueron legitimados por el subsiguiente matrimonio de sus padres celebrado en el año 1905, compró antes de esta fecha, por escritura pública de 27 de diciembre de 1901, otorgada ante el Notario Solís, de Yauco, a Ana María Torres y a su esposo Gregorio Santiago Galarza dos fincas, una de 11½ cuerdas que Ana María Torres había heredado de su padre y otra de 5 cuerdas que compró su esposo, ambas en el barrio de Yayales de Adjuntas, venta que al día siguiente fué inscrita en el Registro de la Propiedad de Ponce. Dos días después de esa escritura y uno después de estar inscrita en el registro de la propiedad se otorgó un documento privado en el que, según su contexto general, Portalatín Galarza, que es Portalatín Santiago Galarza, declaró que una escritura que otorgó el 27 de diciembre del mismo mes y año ante el notario de Yauco, que fué inscrita en el Registro de la Propiedad de Ponce el día 28 del mismo mes, sobre venta de una estancia en la jurisdicción de Adjuntas, que suscribieron los esposos Olivio Santiago y Anita Torres fué valor entendido entre los tres y que desde aquel momento entrega dicha finca a favor de doña Anita para ella o para sus hijos y que se somete y obliga, cuando dicha señora se lo exija, a la devolución de la escritura y a traspasársela ante notario y que si falleciere sin dejar a alguna persona encargada de dicho empeño lo hará por él el que por razón y ley le corresponda representarle. Como Portalatín Santiago Galarza no sabía firmar lo hizo un testigo a su ruego, existiendo otros testigos del documento cuya legitimidad ha sido com-

probada por los demandados y aún por testigos de los demandantes y también que aunque se refiere a una estancia, ésta es el conjunto de las dos que días antes le vendieron Ana María Torres y su esposo pues menciona expresamente el día de la escritura, el Notario de Yauco, que entonces era único, y la fecha de su inscripción. En cuanto al nombre de Ovidio Santiago se refería indudablemente a Gregorio Santiago que era el esposo de doña Anita o Ana María.

También figura entre las pruebas otro documento privado por el que Ramona Rodríguez, dos meses después de morir su esposo Portalatín Santiago y siete antes de practicarse la división y adjudicación de los bienes de éste, declara que al fallecimiento de su esposo aparece inscrita a favor de éste en el Registro de la Propiedad de Ponce una finca de 17½ cuerdas en dos fracciones de cinco y once y media cuerdas; que fueron revertidas a la propiedad de doña Ana María Torres, esposa de Gregorio Santiago, por documento privado que está en poder de ellos por cuya circunstancia al hacer ella la declaración de defunción de su esposo, ordenada por la ley, hizo constar que si bien dicha finca estaba inscrita a favor del difunto en realidad no era de él por pertenecer a doña Ana María Torres. Esta declaración la aceptó Gregorio Santiago en el mismo documento y manifestó que los gastos que se originaran para el traslado de la escritura a favor de su esposa serían de cuenta y cargo de ésta. Después de esta manifestación expresó otra vez Ramona Rodríguez que está dispuesta a pasar la escritura de la finca tan pronto se llenen los trámites y las formalidades consiguientes para ello.

Algunos meses después, en 7 de noviembre de 1908, se otorgó la escritura de partición de bienes de Portalatín Santiago en la que intervino Gregorio Santiago Galarza al efecto de aceptar la adjudicación que en ella le hizo la viuda de Portalatín de dichas dos fincas como pago de una acreencia que se consignó tener contra el difunto por la cantidad de quinientos dólares; adjudicación para la que no me-

dió autorización judicial y que fué inscrita en el Registro de la Propiedad de Ponce donde continúa en esa forma.

Aunque los demandantes se opusieron a que se admitiera en el juicio el documento privado que otorgó Portalatín sin embargo fué admitido por la corte inferior y nosotros podemos tomarlo en consideración porque de acuerdo con el artículo 35 Nos. 2 y 4 de la Ley de Evidencia es admisible contra la persona a quien como herederos representan los demandantes ya que contiene una declaración contra ella hecha contra su interés, respecto a sus bienes, y por haber muerto Portalatín. En el caso de *Aponte* v. *Garzot* resuelto el 17 de junio del corriente año, (pág. 629), también declaramos admisible y consideramos un documento análogo.

Teniendo, pues, en cuenta ese documento tenemos que llegar a la conclusión de que la venta que los esposos padres de los demandados hicieron el 27 de diciembre de 1901 a Portalatín Santiago fué simulada y sin causa y por tanto que cuando él murió no era, de todos modos entre las partes, dueño en pleno dominio de dichas dos fincas ni las transmitió a sus herederos los demandantes, y como uno de los requisitos para ejercitar la acción reivindicatoria es el de que el que reclama sea dueño de la cosa, no habiendo sido dueño de ella Portalatín Santiago no pudo transmitirla a sus herederos quienes por tanto no la adquirieron por título de herencia y no pueden reivindicarla porque su padre estaba imposibilitado de negar la simulación de la compra que aparece haber hecho en 27 de diciembre de 1901. El caso de *Aponte* v. *Garzot, supra,* es bastante análogo al presente. Por las razones expuestas la corte inferior cometió el error que se le atribuye en los motivos sexto y cuarto del recurso al no conceder fuerza probatoria a dicho documento y al estimar que a pesar de él la escritura de 27 de diciembre de 1901 transmitió el título de dominio al padre de los demandantes.

En vista de la precedente conclusión huelga considerar si hubo o no tradición material de las fincas, con mayor razón

cuanto que Portalatín la reconoce en los padres de los demandados, cuestión que se alega en el quinto motivo.

También se opusieron los apelados a que se admitiera y tomara en consideración el documento privado que suscribió la viuda de Portalatín al poco tiempo de haber muerto éste.

En verdad creemos que este documento privado no era admisible como evidencia pues Ramona Rodríguez no es parte en este pleito ni se presentó para contradecir su declaración pues no fué testigo en el juicio. Pero prescindiendo de él siempre queda probado con el documento privado de Portalatín que éste no era dueño de las fincas. En consecuencia no cometió la corte inferior el error que se le atribuye en el séptimo motivo del recurso al no conceder eficacia a este documento, ni tampoco el expresado en el octavo por no permitir declaraciones tendentes a probar otras admisiones de Ramona Rivera respecto a que las fincas no pertenecían a Portalatín y sí a Gregorio Santiago.

En resumen, no siendo dueño Portalatín Santiago cuando murió de las fincas objeto de este pleito por ser simulada y sin causa la escritura por la cual las adquirió como compra, no ·tienen acción los demandantes para reivindicarlas y por esta razón debe ser declarada la nulidad de la adjudicación que de ellas se hizo a Gregorio Santiago Galarza.

Por todo lo expuesto la sentencia apelada debe ser revocada en cuanto decreta la reivindicación y procede dictarse otra declarando nula la escritura otorgada el 27 de diciembre de 1901 ante el notario Solis, de Yauco, por la que Gregorio Santiago Galarza y su esposa Ana María Torres vendieron dichas fincas a Portalatín Santiago Galarza; nula la adjudicación que de ellas se hizo a Gregorio Santiago Galarza en la escritura de partición de bienes otorgada el 7 de noviembre de 1908 ante el Notario Fernández Corona en cuanto a la adjudicación de esas fincas y nulas las inscripciones que ambos documentos produjeron en el Registro de la Propiedad de Ponce, sin que los demandantes tengan de-

recho a recobrar cantidad alguna por frutos y con las costas a los demandantes.

> *Revocada la sentencia apelada, declarándose nulo por ser simulado el título de adquisición del causante de los demandantes y las inscripciones que causó en el Registro, con las costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.