Federico García Dávila, demandante y apelante, *v.* El Banco Popular de Puerto Rico, demandado y apelado.

No. 4486.—*Sometido:* Marzo 21, 1928. *Resuelto:* Julio 9, 1929.

*O'Neill & O'Neill,* abogado del apelante; *Damián Monserrat Jr.,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por Federico García Dávila contra sentencia que declaró sin lugar su demanda en este caso.

Alegó el apelante en la corte inferior que por escritura notarial de 31 de diciembre de 1924, compró a Modesto G. Capiel por $3,000 los derechos y acciones que tenía en un contrato con los esposos Ray P. Meaker para comprarles dos fincas que tenían en el barrio de Pueblo Viejo de Guaynabo y que posteriormente el Banco Popular de Economías y Préstamos de San Juan embargó esos derechos y acciones como si fueran de Modesto G. Capiel y fueron vendidos en pública subasta siendo adjudicados a dicho Banco, por lo que solicitó de la corte declarase que el embargo, la venta y la adjudicación son nulos y que condenase al banco a pagarle determinada cantidad de dinero como compensación de los perjuicios que dicho embargo y venta le ha causado.

Se opuso el banco a esas reclamaciones y celebrado el juicio fué dictada sentencia en contra del demandante-apelante, entre otros motivos porque la escritura de compra de García Dávila a Modesto G. Capiel fué otorgada en fraude de los acreedores del vendedor por no haber mediado en ella

causa o consideración, fundamento que se alega ser erróneo en el segundo de los tres motivos de esta apelación porque la corte inferior no tenía fundamento para dudar de la veracidad de las declaraciones de Modesto G. Capiel y de Federico García Dávila.

En el caso de *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 873, comentando el artículo 1264 del Código Civil según el cual se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajena bienes a título gratuito, en relación con el artículo 40 de la Ley Hipotecaria y con una sentencia del Tribunal Supremo de España, hemos declarado que se entenderá que no medió precio ni su equivalente en los contratos cuando el notario no dé fe de su entrega, o si confesando los deudores haberse ésta verificado con anterioridad no se justificara el hecho.

El apelante probó en la corte inferior que unos veinte días antes de ser otorgada la escritura mencionada de 31 de diciembre de 1924 compró en un banco un giro de $1,800 y cheques de viaje por $140, los que entregó a Capiel; y él y Capiel declararon que ese dinero era parte de los $3,000 del precio de compra y que el resto, para completarlo fué entregado en dinero a Capiel.

La corte inferior no dió crédito a esas declaraciones en cuanto a que el giro y los cheques fueron dados a cuenta del precio, ni a que después entregó el resto en dinero, sin que sea sostenible la alegación del apelante de que la corte no tenía motivo para dudar de la veracidad de esas declaraciones pues aparte de que la corte que conoció del pleito tiene poder discrecional para apreciar la credibilidad de los testigos, su conclusión resulta justificada además en este caso por las circunstancias concurrentes en él; pues habiendo embargado el banco los derechos y acciones de Capiel en abril de 1925, tres meses después de la alegada compra, notificando ese embargo entre otras personas a Federico García Dávila, éste, sin embargo, no ejercitó su derecho como comprador para que el embargo fuese levantado, no impidió

la subasta judicial y presentó esta demanda al año de ser vendidos en pública subasta los derechos y acciones de Capiel; y éste, habiendo vendido a García Dávila según la escritura de 31 de diciembre de 1924 sus acciones y derechos para la compra de dos fincas a los esposos Meaker, sin embargo, en fecha posterior intervino en la compra que por $10,000 hizo su madre Eladia Castejón al banco de las fincas que como adjudicatario de los derechos y acciones de Capiel compró a los esposos Meaker, a pesar de que según su venta a García Dávila éste era el dueño de dichas acciones y derechos. Además, García Dávila negó en el juicio haber tenido noticia del embargo hecho por el banco y sin embargo se probó documentalmente que tal embargo le fué notificado. Los hechos de este pleito demuestran la sabiduría de la Ley Hipotecaria en el artículo citado y de nuestro Código Civil que disponiendo como regla general en su artículo 1244 que aunque la causa no se exprese en el contrato, se presume que existe y que es lícita mientras el deudor no pruebe lo contrario, sin embargo, establece como excepción la contenida en el artículo 1264 antes citado.

No habiendo mediado causa en este contrato, García Dávila no tiene derecho a obtener la nulidad que pretende y por esto no es necesario resolver los otros dos motivos del recurso.

*La sentencia apelada debe ser confirmada.*