La Sucn. de Julio Cayere, demandante y apelante, *v.* Raymunda Monell, La Sucn. de Elías Quiñones y Zalduondo & Gómez, demandados y apelados.

No. 4461. *Sometido:* Noviembre 13, 1929. *Resuelto:* Mayo 22, 1930.

*González Fagundo & González Jr., E. H. F. Dottin, Juan B. Soto y A. García Veve,* abogados de los apelantes; *Arturo Aponte, F. Gallardo y A. Barceló Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación tiene por objeto que decidamos que la corte inferior cometió error al no declarar nula una escritura de mandato y al no declarar tampoco nula la escritura por la cual el mandatario en la anterior vendió una porción de cierta finca.

Los esposos Elías Quiñones y Raimunda Monell otorgaron escritura de hipoteca a principios de 1920 sobre una

finca de 181 cuerdas de terrenos a favor de Julio Cayere para garantizarle el pago de $13,000 que les dió en préstamo, no estando entonces la finca inscrita en el Registro de la Propiedad a nombre de los hipotecantes. A fines del siguiente año esos consortes confirieron poder a su hijo Evaristo Rafael Quiñones para que los representara, y en 2 de febrero de 1922 ese hijo vendió en nombre de sus mandantes a la sociedad civil Zalduondo & Gómez 100 cuerdas de la mencionada finca por precio de $6,000, y manifestando que él tenía esas cien cuerdas de tierra en arrendamiento hasta junio de 1926 por canon de $800 anuales, afianzó en nombre de sus mandantes el pago de esa cantidad y para garantizarlo constituyó hipoteca sobre las 81 cuerdas restantes a favor de Zalduondo & Gómez. Tampoco estaba inscrita entonces la finca a nombre de sus mandantes. Pocos días después, el 28 de de febrero del mismo año, Cayere demandó judicialmente en procedimiento ordinario el pago de su préstamo y de los intereses no satisfechos. Ese día fué presentado por Cayere en el Registro de la Propiedad su escritura de hipoteca pero fué negada su inscripción el 15 de marzo siguiente por no estar inscrita la finca a nombre de los hipotecantes y fué hecha por el registrador anotación preventiva de la hipoteca por 120 días. El 18 de julio siguiente fué presentado en el registro el título de propiedad de los esposos Quiñones-Monell y también la escritura otorgada a favor de Zalduondo & Gómez, y el 31 de ese mes quedó inscrita la finca y la venta de las cien cuerdas. En el pleito de Cayere contra sus deudores fué vendida y adjudicada a su acreedor la finca hipotecada de 181 cuerdas el 6 de agosto de 1923. En septiembre de 1923 Zalduondo & Gómez comenzó juicio ejecutivo hipotecario para cobrar el canon de arrendamiento pero más tarde desistió de él; y, por último, la Sucesión de Julio Cayere comenzó el pleito que motiva esta apelación demandando a Raimunda Monell, a la Sucesión de Elías Quiñones y a Zalduondo & Gómez con

el fin de que sean declaradas nulas la escritura de poder otorgada por Elías Quiñones y por su esposa porque aquél tenía perturbadas sus facultades mentales, la escritura de venta de las 100 cuerdas, de afianzamiento de arrendamiento y de hipoteca de las 81 restantes a favor de Zalduondo & Gómez por ser fraudulenta, así como el juicio hipotecario de dicha sociedad.

Se opusieron las demandadas a esas nulidades, habiendo alegado la Sociedad Zalduondo & Gómez que es un tercero inocente por haber comprado de quien podía vender, ignorando el gravamen que tenía la finca, y celebrado el juicio recayó sentencia declarando nulo el contrato de arrendamiento, su afianzamiento y la hipoteca que lo garantizó, pero negó la nulidad de la escritura de mandato y la de venta por el apoderado de las 100 cuerdas a favor de Zalduondo & Gómez.

Contra esa sentencia interpuso esta apelación la sucesión de Julio Cayere pero sólo uno de sus componentes, Julia Cayere, ha comparecido ante nosotros a sostener el recurso. En cuanto a los demandados ninguno de ellos ha comparecido en la presente apelación.

█ Entendemos que la corte inferior estuvo justificada en no declarar nula la escritura de mandato otorgada por Elías Quiñones pues la prueba de los demandantes fué sumamente vaga e imprecisa respecto de actos en general por los cuales pudiera concluirse que él tenía perturbadas sus facultades mentales, aparte de que ninguno de los testigos se refirió a que se hallase en las condiciones que ellos expresan el día que otorgó la escritura de mandato; y por el contrario la declaración prestada por el Dr. J. S. M. Pressly fué terminante y creída por la corte que la oyó, en el sentido de que asistió como médico por espacio de unos trece años y en su última enfermedad, a Elías Quiñones, que falleció de una prostatitis aguda, y que sus facultades mentales fueron siempre buenas.

■■■ Veamos ahora el error alegado por no haber sido declarada la nulidad de la venta de las 100 cuerdas.

Desde luego que Elías Quiñones y su esposa sabían que ellos habían hipotecado la finca de 181 cuerdas a Julio Cayere y quizás lo sabía también su apoderado, pero no se ha presentado prueba alguna de que la sociedad Zalduondo & Gómez supiera tal cosa. Como hemos dicho la finca no estaba inscrita a favor de Elías Quiñones y de su esposa cuando la hipotecaron a Cayere ni tampoco cuando su apoderado vendió 100 cuerdas de ella en 2 de febrero de 1922 a Zalduondo & Gómez, ni el título hipotecario de Cayere había sido presentado en el Registro, por lo que se quiere deducir el fraude de ciertas circunstancias como la de haber sido otorgada la escritura de venta clandestinamente, sin que se nos cite ni conozcamos precepto alguno legal que obligue a un deudor a dar aviso a su acreedor que va a vender parte o toda la finca que la tiene hipotecada: la de que el comprador no tomó posesión de la finca, en lo que estaba justificado en este caso por haberse hecho constar en el contrato que la finca vendida estaba sujeta por cierto tiempo a un contrato de arrendamiento; que el precio de $6,000 por las cien cuerdas no fué adecuado porque un testigo del demandante tasó las 181 cuerdas en $20,000, cuestión que generalmente no es presunción de fraude como dijimos en el caso de *Sabalier* v. *Iglesias,* 34 D.P.R. 369; y por último en la de que esa venta significaba la enajenación total de los bienes del deudor Elías Quiñones, lo cual no resulta así pues le quedaban las 81 cuerdas restantes, hipotecadas ciertamente pero cuya hipoteca podía anularse y ha sido anulada. También le quedaba el producto de algunas cañas de azúcar y un poco de ganado. En el caso de *Ana María Sugar Co.* v. *Castro,* 28 D.P.R. 257, hemos dicho, citando otros casos, que el fraude debe probarse claramente por prueba robusta o por prueba fuera de duda y que no puede ser cuestión de mera conjetura.

■ Réstanos el último argumento aducido para sostener

que existe el fraude. Es el caso de *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 873, en el que declaramos que si el notario no da fe de que el precio se entrega ante él el contrato tendrá la presunción de haber sido otorgado a título gratuito, a menos de que se pruebe que el precio fué entregado, y que el caso de enajenación gratuita, habiendo deudas, levanta la presunción de fraude. Así lo ha declarado este tribunal pero esa presunción ha sido destruída en este caso porque Diego Zalduondo Veve, uno de los socios de Zalduondo & Gómez declaró en el juicio que no tenía conocimiento de la hipoteca de Cayere, en cuyo caso no hubiera comprado, y que le ofrecieron la finca en $8,000 y después la compró en $6,000, declaración que llevó a la corte inferior a la conclusión de que hubo un precio cierto en la transacción, por la reputación y hombría de bien del declarante y su prestigio en la comunidad, concluyendo, en consecuencia, que el contrato no fué hecho a título gratuito y sí oneroso. El hecho de que la corte inferior declara nulo el contrato de arrendamiento y su garantía hipotecaria por ser simulada no puede perjudicar a la venta constante en el mismo documento, pues Zalduondo & Gómez se limitaron a aceptar la manifestación del apoderado de Elías Quiñones de que existía el arrendamiento que fué garantizado con hipoteca; ni el que el juez de la corte inferior haya dicho en una parte de su opinión que Elías Quiñones tenía otros bienes independientes de la finca, lo que era cierto, y en otra parte haya dicho que no los tenía, no es motivo para destruir la conclusión a que llegó con respecto al testimonio de Diego Zalduondo.

▪ Dice, además, la apelante que su anotación preventiva de la hipoteca quedó convertida en inscripción definitiva al ser inscrito el título de propiedad de Elías Quiñones, pero cuando ese título fué presentado en 18 de julio ya estaban caducados los ciento veinte días de la anotación preventiva tomada a favor de Cayere, y en el caso de *Alvarez* v. *Quilinchini,* 24 D.P.R. 167, ha declarado este tribunal que un asiento caducado no puede destruir derechos civiles de un tercero.

Hay otro motivo del recurso en el que se dice que la corte erró al no declarar que el mandatario Evaristo Rafael Quiñones no estaba autorizado para afianzar, dentro de las facultades conferidas por la escritura de mandato. No tenemos que considerarlo porque la corte resolvió que es nulo el contrato de arrendamiento y la hipoteca constituída para garantizarlo.

*La sentencia apelada debe ser confirmada.*