GUILLERMO GARÁU, demandante y apelado, *v.* FLORA DELGADO, demandada, y DOMINGO COLLAZO, tercerista y apelante.

No. 6040.—*Sometido:* Mayo 16, 1933.—*Resuelto:* Febrero 24, 1934.

*Pedro C. Anglade,* abogado del apelante; *Luis F. Camacho,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El presente es un caso en que las partes no comparecieron a la vista, y el apelado no ha radicado alegato. Eso, pues, aumenta la labor del tribunal al contestar las contenciones del apelante.

El demandante Guillermo Garáu radicó pleito contra Flora Delgado. Para asegurar la efectividad de la sentencia, embargó cierto ganado que se hallaba en un predio de terreno del que—no cabe duda por la prueba aportada—la demandada Flora Delgado estaba en posesión hasta el momento del embargo. Hasta poco antes ella claramente tenía el título de los animales. Cuando el márshal trató de hacerse cargo de los bienes embargados el 28 de junio de 1929, Domingo Collazo alegó que le pertenecían por haberle sido vendidos tres días antes del embargo. La factura mediante la cual se hizo el traspaso fué ofrecida en evidencia. Después del juicio de tercería, la corte falló a favor del acreedor y en contra del tercerista.

La corte no llegó a conclusiones de hecho concretas, pero resolvió en efecto que Domingo Collazo no había probado su título.

Entre otras cosas, sucedió que la corte dijo que la evidencia era contradictoria respecto a si el tercerista Domingo Collazo compró por su cuenta o por cuenta de Enrique Sued. La conclusión de la corte equivalía a decir que, si Flora Delgado efectuó el traspaso, la tendencia de la prueba era fijar el título en Sued. Bajo estas circunstancias, la corte creyó que Domingo Collazo no tenía causa de acción.

Sin embargo, la corte evidentemente dudó que Flora Delgado en realidad o en derecho se desprendiese jamás del título de los animales embargados.

La demanda de intervención alegó que el ganado había

sido pagado por Collazo mediante cheque contra el Banco Territorial y Agrícola de Puerto Rico, sucursal de Guayama, a la orden de Flora Delgado. La contestación del acreedor negó el hecho de la venta y que el cheque entregado al apoderado de Flora Delgado representara valor alguno. La corte, luego de analizar la evidencia, dudó seriamente que el cheque representase una transacción real. El apelante sostiene que la contestación del acreedor era insuficiente para negar la existencia de causa, y que la corte erró al considerar la alegación. Somos del criterio que la contestación no está muy bien redactada sobre este punto, pero más o menos trata de afrontar las alegaciones directas de la demanda. Por tanto, si la corte estuvo justificada en sus conclusiones generales al creer que Domingo Collazo no probó su título, el error carece de importancia y es inofensivo.

Cuando se embargan bienes en poder de un supuesto deudor, y aparece un tercero reclamándolos, incumbe a esta persona establecer su título a esos bienes. El acreedor establece un caso prima facie al embargar la propiedad en manos del deudor.

El apelante también critica algunos de los comentarios de la opinión de la corte al efecto de que no se demostró lo que hizo Flora Delgado con el dinero que se supone recibió del Banco Territorial y Agrícola. El cheque fué en realidad cambiado.

Sin entrar a discutir todas las consideraciones del alegato del apelante y el razonamiento de la corte inferior, nuestra conclusión final es que el título jamás pasó de Flora Delgado a Domingo Collazo o a alguna otra persona.

Cuando la propiedad fué embargada, se hallaba en poder de la deudora. El artículo 1264 del Código Civil dispone:

"Se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito.

"También se presumen fraudulentas las enajenaciones a título oneroso, hechas por aquellas personas contra las cuales se hubiese

pronunciado antes sentencia condenatoria en cualquier instancia, o expedido mandamiento de embargo de bienes.''

El embargo en este caso, tuvo lugar por lo menos antes de que se consumara la supuesta venta por el traspaso de los bienes. Por supuesto, en algunos casos se permite a un deudor retener los bienes, y el comprador puede probar su título, como en *Central Pasto Viejo* v. *Pérez Hnos.*, 44 D.P.R. 904. Ese caso, sin embargo, indica la excepción y reconoce que hay una presunción de fraude cuando se permite al deudor continuar en posesión de la cosa que se supone comprada.

La prueba en este caso tendió a demostrar que Flora Delgado no sólo estaba en posesión del ganado al tiempo del embargo, sino que siguió reteniéndola por un tiempo considerable, a base de partir ganancias.

▉ Bajo las circunstancias del caso, creemos que incumbía al tercerista presentar una prueba de título más robusta. Flora Delgado no fué llevada a declarar, y la siguiente presunción contenida en el artículo 102 de la Ley de Evidencia es aplicable:

''\* \* \* \* \* \* \*

''5. Que toda evidencia voluntariamente suprimida resultará adversa si se ofreciere.''

Ella pudo fácilmente haber explicado lo que hizo con el dinero, o haber dado otro testimonio.

Tanto porque el tercerista no logró demostrar satisfactoriamente que Flora Delgado se desprendió del título de los bienes, como porque, aun si hubo un traspaso, el tercerista no adquirió título, la *sentencia apelada debe ser confirmada.*