Jerónimo E. Colón, demandante y apelante, *v.* Ernesto Fernando Schlüter y Félix Román, demandados y apelados.

No. 6445.—*Sometido:* Enero 15, 1935. *Resuelto:* Julio 19, 1935.

*E. Díaz Santana,* abogado del apelante; *Joaquín Vendrell,* abogado del apelado Sr. Schlüter.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El demandante interpuso esta apelación contra sentencia de la Corte de Distrito de San Juan que declaró sin lugar su demanda de tercería.

José Lizardi, uno de los cuatro componentes de la sucesión Lizardi, vendió por escritura pública de 1924 a Román Félix, casado con Dominga Maldonado, cinco condominios de una cuarta parte cada uno que tenía en cinco fincas radicadas

en el barrio de Quebrada Arenas, de Río Piedras, dos de ellas rústicas y tres urbanas sitas en esas fincas. En 1930 demandó Ernesto Fernando Schlüter a Román Félix en cobro de una hipoteca. Por escritura pública de 2 de abril de 1931 Dominga Maldonado, esposa de Román Félix, vendió con la asistencia de su marido, Román Félix, dichos cinco condominios a Jerónimo Colón por precio de $1,000 que según la escritura confesó la vendedora haber recibido antes de dicho acto. Esos condominios fueron embargados y anunciados en venta en 1932 en el pleito de Ernesto Fernando Schlüter contra Román Félix. Entonces Jerónimo Colón estableció la demanda de tercería que motiva esta apelación contra Ernesto Fernando Schlüter y contra Román Félix en la que alegando ser dueño de esos condominios por haberlos comprado en 1931 a Dominga Maldonado, casada con Román Félix, interesa que por ser de su propiedad sea levantado el embargo sobre ellos trabado por Ernesto Fernando Schlüter. Éste contestó la demanda oponiéndose a ella y alegando que la compra hecha por Jerónimo Colón en 1931 es simulada porque no medió precio en ella y fué hecha para burlar los derechos de los acreedores de Román, entre ellos los de Schlüter.

Celebrado el juicio y declarada sin lugar la demanda alega Colón en su apelación contra esa sentencia que debe ser revocada porque la corte inferior cometió error al resolver que la venta de la finca hecha a Jerónimo Colón fué simulada y que no tuvo otro objeto que burlar los derechos de los acreedores de Román Félix, entre ellos los de Schlüter, en el cobro de sus acreencias: y que también erró al apreciar la prueba. Como ambos motivos de error están íntimamente relacionados los resolveremos conjuntamente.

En la demanda se alegó que Dominga Maldonado compró esos condominios en 1928, antes de contraer matrimonio con Román Félix, pero de esto no presentó prueba en el juicio pues ni siquiera está en los autos la escritura de 1928. Solamente dijo Román Félix en su declaración que él

está casado con Dominga Maldonado y que se había divorciado en 1927.

La cuestión fundamental en este pleito es si la compra que hizo Colón en 1931 es simulada por haber sido otorgada en perjuicio de Schlüter, acreedor de Román Félix.

En los casos de *García* v. *Banco Popular,* 39 D.P.R. 854, y de *Lebrón* v. *F. Fresno & Co.,* 39 D.P.R. 901, y también en el de *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 869, hemos declarado que el artículo 1264 de nuestro Código Civil dispone que se presumen celebrados en fraude de acreedores los contratos por los cuales el deudor enajena bienes a título gratuito, y que según la sentencia del Tribunal Supremo de España de 20 de febrero de 1899 se entenderá que no medió precio ni su equivalente en los contratos cuando el notario no dé fe de su entrega, o si confesando los contratantes haberse ésta verificado con anterioridad no se justificare el hecho: también dijimos que esos contratos tendrán la presunción de haber sido otorgados a título gratuito a menos que se pruebe que el precio fué entregado.

El tercerista declaró que pagó los $1,000 de la compra en billetes de banco el mismo día de la escritura, en presencia del notario. Román Félix testificó que recibió dicha cantidad en billetes en el acto de la escritura, después que se hizo, estando presente el notario. Este funcionario declaró que en el acto del otorgamiento de la escritura no se entregó dinero alguno y que en su presencia tampoco se entregó después.

El apelante trató de probar con su declaración y la de Román Félix que Colón tomó posesión en seguida de la finca (*sic*) y que había cortado sus cañas utilizando los bueyes de Julio Díaz y de José G. Díaz, pero admitió Román que después de la venta ha intervenido en el corte de cañas porque siempre ha estado y está en negocios con Colón.

Los testigos del demandado Schlüter contradijeron esas manifestaciones, habiendo manifestado Félix Cruz que lo único que tenía Colón era una cuerda de terreno que vendió,

aunque tiene diez o doce cuerdas en Guaynabo y que Román Félix tiene todavía lo que le vendió Lizardi y está administrándolo. José Lizardi dijo que la cuarta parte que vendió a Román Félix, éste la arrendó a Marín, que Colón no tiene finca alguna en Quebrada Arenas sino en Hato Nuevo y que nunca ha visto a Colón en la participación que vendió a Román. Y Ramón Marín declaró que tiene una finca en Quebrada Arenas, de Río Piedras, colindante con otra de Román Félix y con la sucesión Lizardi: que para proteger el testigo sus siembras puso una cerca de alambre en la colindancia con Román Félix, quien la derribó en 24 de junio de 1931: que tratando de arrendar últimamente la finca de la sucesión Lizardi fueron a verle Román Félix y Jerónimo Colón para proponerle la venta de una parte que ellos dijeron tener allí: que quien le propuso el negocio fué Román Félix, y que éste le dijo que Colón era el dueño de la parcela.

En vista de la ley y jurisprudencia citadas, así como de los hechos expuestos, llegamos a la conclusión de que la corte no cometió los errores que le atribuye el apelante, por lo que *la sentencia apelada debe ser confirmada.*