PAULINO CORTÉS CORTÉS, demandante tercerista apelante, *v.* LUIS MARTÍNEZ ALMODÓVAR y DONATO MEDINA FONT, demandados apelados en tercería.

Núm. 9841.—*Sometido:* Febrero 1, 1949. *Resuelto:* Marzo 30, 1949.

*Néstor A. Rodríguez Escudero,* abogado del apelante; *Héctor Reichard,* abogado del apelado Martínez Almodóvar.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Luis Martínez Almodóvar demandó a Donato Medina Font ante la Corte de Distrito de Aguadilla en cobro de $1,100. Para asegurar la efectividad de la sentencia, embargó cierta maquinaria de construir muebles como de la propiedad del demandado.

Paulino Cortés Cortés, amparándose en la Ley Para Proveer el Procedimiento en Casos de Tercerías sobre Bienes Muebles e Inmuebles de 14 de marzo de 1907 (Leyes de 1907, pág. 308) demandó a Martínez Almodóvar y a Medina Font, alegando que la maquinaria embargada le pertenecía por habérsela comprado a Medina Font.

El demandado Luis Martínez Almodóvar contestó la demanda de tercería alegando que Cortés y el codemandado en la demanda de tercería, Medina Font, se habían puesto de acuerdo con el propósito de defraudarle simulando una venta de la maquinaria sin que en la misma mediara precio alguno.

Trabada así la contienda, el pleito fué a juicio, siendo declarada sin lugar la demanda de tercería. No conforme con la sentencia, el demandante tercerista radicó el presente recurso de apelación.

Por su primer señalamiento alega el apelante que la corte inferior erró al declarar sin lugar la moción de *nonsuit* presentada por el apelante al terminar de desfilar la prueba del apelado Martínez Almodóvar, ya que de la evi-

dencia presentada por éste no se desprendía que la escritura de compraventa de la maquinaria en litigio fuera hecha en fraude de acreedores.

La Regla 41(*b*) de las de Enjuiciamiento Civil dispone:

". . . Después que el demandante haya terminado la presentación de su evidencia, el demandado, sin renunciar al derecho de ofrecer evidencia en el caso de que la moción no sea concedida, podrá solicitar la desestimación fundado en que los hechos y la ley no demuestran que el demandante tenga derecho a un remedio. . . ."

La Regla 41(*c*) dispone que:

"Las disposiciones de esta Regla se aplicarán a la desestimación de cualquier reconvención, reclamación recíproca o reclamación de tercero. . . ."

En el caso de autos el tercero era el demandante apelante, no habiendo el demandado en su contestación a la demanda levantado ninguna reconvención, reclamación recíproca o reclamación de tercero. No procedía, por tanto, la moción de nonsuit presentada por el apelante. Una vez presentada la prueba del demandado el caso quedó sometido a la corte para ser resuelto en sus méritos y una moción de nonsuit era improcedente. No se cometió el error apuntado.

██ Los demás errores señalados que merecen consideración, los discutiremos conjuntamente ya que van dirigidos a la apreciación que de la prueba hizo la corte inferior.

El apelante declaró que el día 24 de junio de 1947 le había comprado unas máquinas al apelado Medina Font a virtud de escritura de compraventa otorgada ante el notario Baltasar Quiñones Elías; que compró la maquinaria por $1,500; que no pagó el dinero en el acto de otorgarse la escritura pero que la pagó por la tarde en billetes; que aunque en la escritura se hizo constar que él pagó el dinero antes de otorgarse la misma, él satisfizo el precio de la maquinaria después de otorgada; que él tenía el negocio de compra y venta de casas en el cual se ganaba algún dinero; que una vez comprada la

maquinaria él se la arrendó a Medina Font por $40 mensuales; que Medina Font no le dió ninguna garantía. A preguntas del juez de la corte inferior, contestó que no había pedido ninguna garantía por el arrendamiento debido a que antes había hecho negocios con Medina Font y éste siempre le había cumplido.

Donato Medina Font declaró que le había vendido la maquinaria a Cortés Cortés por $1,500 el día 24 de junio de 1947; que el día 12 de julio de 1947 le embargaron la maquinaria que él había vendido al apelante; que no tenía conocimiento de que le fueran a embargar la maquinaria el día que la vendió; que había vendido la maquinaria para pagar unas deudas que tenía; que había tenido en arrendamiento otras maquinarias pertenecientes al apelante y que éste le prestaba dinero; que una vez vendida la maquinaria celebró un contrato verbal con el apelante en el cual él arrendaba la maquinaria que había vendido por $40 mensuales.

Esta fué la prueba del apelante. Veamos la prueba del apelado Martínez Almodóvar.

El testigo Francisco García Vázquez declaró que Donato Font Medina le había manifestado que su taller, incluyendo el equipo de maquinaria, eran de su propiedad; que le adelantaba dinero a Font Medina a cuenta de muebles y que la última vez que le habló le manifestó que estaba tratando de recuperar la maquinaria que le había sido embargada para empezar a trabajar de nuevo.

Luis Martínez Almodóvar, el apelado, declaró que trafica en el ramo de muebles; que el día 24 de junio de 1947 sostuvo una conversación con Paulino Cortés Cortés, el demandante en tercería, manifestándole que la situación económica de Donato Font Medina se iba tornando crítica, que el declarante iba a tener que embargarle a Medina Font, toda vez que éste no le pagaba un dinero que le adeudaba.

El Lic. Franco Tulio Sánchez declaró que conoce a Donato Medina Font, quien ocupa una casa de su propiedad en la

calle Progreso núm. 51, donde tiene un taller de carpintería y ebanistería; que a fines del mes de junio de 1947 pensó establecer una sociedad con Medina Font, aportando el declarante cierta cantidad de dinero y el local y Medina Font el taller y la maquinaria instalada en el mismo, no llegándose a efectuar dicho negocio.

La corte inferior al apreciar esta prueba hizo constar lo siguiente:

   .‘ ❋      ❋      ❋      ❋      ❋      ❋      ❋

"La Corte después de haber apreciado la evidencia introducida en este caso encuentra que la preponderancia de la prueba está en favor del demandado Luis Martínez Almodóvar y en contra del demandante en tercería y en tal sentido resuelve el conflicto de la evidencia. *Artículo 162, Inciso 5, Ley de Evidencia.*

"La declaración del tercerista inspira poca confianza. Afirmó en su declaración que es un hombre de negocios y sin embargo asumió una conducta extraña a la forma en que ordinariamente se conducen los hombres en sus negocios y en sus actuaciones diarias. No es posible concebir que el demandante empleare $1,500 sin adoptar las medidas necesarias garantizando su inversión. Dijo el demandante que su dinero lo daba en hipotecas, esto es, con las debidas garantías. No puede perderse de vista además que la escritura de venta de la maquinaria en cuestión admitida en evidencia no establece presunción alguna en cuanto al pago del precio, toda vez que el notario sólo da fe de que el vendedor Donato Medina Font confesó haberlo recibido antes del otorgamiento de dicha escritura. Es de notarse también que en la escritura de venta no se consignó que el vendedor continuaría en posesión de la maquinaria mediante arrendamiento. Extraña mucho el modo de proceder de las partes contratantes. Por un lado el demandante pretende hacer creer que medió una venta real y efectiva otorgando la escritura de que se ha hecho mérito, mientras que por otro lado demuestra absoluta indiferencia por sus intereses al no tomar las medidas de seguridad aconsejables. El testimonio del tercerista y del codemandado Donato Medina Font no ha podido llevar al ánimo de la Corte aquella certeza moral que impresiona el ánimo del juzgador los testigos que le merecen entero crédito. Las afirmaciones tanto del tercerista como del codemandado Donato Medina Font en la escritura de venta hacen constar que el precio de la maquinaria lo

había recibido el último, o sea Donato Medina Font, antes del otorgamiento de la misma, reprobadas por ambos más tarde asegurando que fué pagado posteriormente, restando valor a sus declaraciones en un punto tan esencial, habida cuenta que la alegación del demandado en este caso es de que la supuesta venta se hizo por un precio simulado el cual ni en todo ni en parte ni en ninguna forma fué pagado por el tercerista.

"Es un hecho admitido que la maquinaria en litigio fué embargada en posesión de Donato Medina Font en su propio taller de ebanistería. El acreedor establece un caso prima facie al embargar la propiedad en manos del deudor. *Garáu* v. *Delgado, y Collazo, Tercerista*, 46 D.P.R. 229. Enajenaciones en que el notario no da fe de la entrega del precio, tienen la presunción de haber sido otorgadas a título gratuito en casos en que acreedores soliciten su nulidad, a menos que se pruebe que el precio fué pagado, circunstancia que en este caso no ha quedado establecida con prueba clara y convincente. *Colón* v. *Schlüter*, 48 D.P.R. 879.

"Por lo que respecta a la prueba del demandado Luis Martínez Almodóvar queremos hacer constar que el testimonio de éste, al igual que el de sus testigos merecen entero crédito a la Corte."

No habiéndole merecido crédito a la corte sentenciadora la prueba del apelante y siendo la del apelado Martínez Almodóvar suficiente para sostener su conclusión, no erró al desestimar la demanda. Véanse *Colón* v. *Schlüter*, supra, y casos en él citados

*Debe confirmarse la sentencia.*