PEDRO ANGEL PEREIRA, demandante y apelado, *v.* COMMERCIAL TRANSPORT CO., INC., demandada y apelante.

Núm. 10014.—*Sometido:* Diciembre 1, 1949. *Resuelto:* Diciembre 9, 1949.

*Ángel Fernández Sánchez,* abogado de la apelante; *A. Figueroa Rivera,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Se trata de un caso de daños y perjuicios. La corte inferior declaró con lugar la demanda y condenó a la demandada a pagar al demandante las siguientes cantidades de dinero: $400 como valor de la reparación y piezas de su automóvil; $75 pagados a una enfermera; $200 por dos semanas que estuvo el demandante sin trabajar; y, por las lesiones y golpes, agudos dolores físicos y los sufrimientos mentales: $100 en cuanto al demandante, $500 en cuanto a su esposa, $200 en cuanto a su hijo Peter y $100 en cuanto a cada una de sus hijas Haydée y Dora; más las costas y $100 de honorarios de abogado.

No conforme con la sentencia la demandada apeló y en este recurso alega que la corte incurrió en doce errores, los cuales pueden resumirse en dos: error en la apreciación de la prueba y al conceder las cantidades antes mencionadas.

La corte inferior llegó a las siguientes conclusiones de hecho:

"El 29 de enero de 1947, entre diez y media (sic) de la noche, el demandante, yendo con su esposa y sus tres hijos, guiaba su automóvil marca Oldsmobile, modelo de 1940, número 6484, al regreso de visitar una enferma en un barrio de Cayey. Mientras bajaba en dirección de Cayey hacia Caguas, al llegar al kilómetro 42, hectómetro 3 de la carretera número uno, en jurisdicción de Caguas, Puerto Rico, subía, en dirección contraria el truck trailer T–152, dando zigzags. Antes de cruzarse con el truck, el demandante detuvo su automóvil en su derecha, poniéndole luz baja, situando gran parte del mismo en la tierra que hay fuera del pavimento. El truck de la demandada Commercial Transport Co. Inc., guiado por Julio Rodríguez Cosme, se desvió de su derecha, y sesgando hacia la izquierda, chocó contra el costado izquierdo del automóvil del demandante, arrastrándolo poca distancia hasta unos flamboyanes de la orilla de la carretera, quedando parte del tren delantero izquierdo del truck incrustado en el costado izquierdo del automóvil y destruyendo a éste completamente el estribo izquierdo, abollándole la caja, el guardalodo izquierdo trasero y la puerta izquierda, y causándole descuadre y desnivel en el chassis. Julio Rodríguez Cosme en el momento de ocurrir el accidente, era empleado de la demandada en el ejercicio de las funciones de su empleo y en gestión de los negocios de la Commercial Transport Co. Inc., cuyo presidente para esa fecha lo era, y actualmente lo es el Sr. Juan de Dios Colón.

"A consecuencia del accidente, Dolores Rodríguez, esposa del demandante, recibió leves golpes en el pecho y en la cabeza, teniendo que ser atendida por la enfermera Evarista Donis de Maldonado en casa de la propia paciente, por espacio de tres noches consecutivas y de una semana más, de día. La niña Haydée Pereira Rodríguez sufrió golpes en la pierna y brazo izquierdos, una pequeña herida en la rodilla izquierda, habiendo recibido tratamiento de alcanfor y fricciones. El niño Peter Pereira Rodríguez sufrió en el brazo derecho golpes y una herida punzante que fué necesario tratarle, inyectándole también suero antitetánico y soportando dolores físicos y alguna nerviosidad durante varios días. La niña Dora Ina Pereira Rodríguez sufrió golpes en las piernas y en los brazos y dolores físicos. El demandante Pedro Angel Pereira sufrió golpes en el brazo izquierdo, la pierna derecha y la espalda, soportando algunos dolores físicos y teniendo que estar ausente de su trabajo como Inspector de Construcciones de la Long Construction Company durante dos semanas.

"El demandante satisfizo a la enfermera Evarista Donis de Maldonado $75 por los servicios que le prestara, perdió de ganarse $200 en sus dos semanas de ausencia del trabajo, a razón de $100 cada semana, y tuvo que pagar por el trabajo de mecánica, talabartería y tapizado, y por las piezas que comprara para la reparación de su automóvil, lo que calculamos en $400."

Hemos examinado detenidamente la prueba presentada por las partes y, excepto en cuanto a los particulares que expondremos más adelante, consideramos que la misma sostiene dichas conclusiones.

Arguye la apelante que no se probó que el camión *trailer* de la demandada que causó los daños fué, específicamente, el T–152, propiedad de la demandada. Empero, tanto la prueba del demandante como la de la demandada demostró, sin dejar lugar a dudas, que fué un camión trailer propiedad de la demandada, conducido por su chófer Julio Rodríguez Cosme, el que tuvo un accidente en la noche del 29 de enero de 1947 en la carretera entre Caguas y Cayey, chocando con el automóvil del demandante. El hecho de que los testigos no especificaran que fué el camión trailer T–152 el que chocó, no desvirtúa el hecho probado de que fué un camión trailer de la demandada el que ocasionó los daños.

Tiene razón la apelante al sostener que no debió condenársele a pagar al demandante $200 por las dos semanas que dijo no había trabajado. La declaración del demandante demuestra que a él le pagaron esas dos semanas. Al efecto, después de declarar que ganaba $100 por semana con la Long Construction Corporation y que durante dos semanas después del accidente, iba a "reportarse" al trabajo y se retiraba a su casa, el juez le preguntó: "¿A usted le pagaron durante esas dos semanas?" Y él contestó: "Bueno, yo soy un *"weekly employee", recibía mi sueldo."* (Bastardillas nuestras.) *

---

* Nota del editor: Esta partida se concedió en reconsideración, disintiendo el Juez Asociado Sr. Todd, Jr. Véase la resolución al efecto al final de esta opinión.

■ Sostiene la apelante que no se probó que al ocurrir el accidente el chófer Julio Rodríguez Cosme fuera empleado suyo y que estaba actuando en ese momento en el desempeño de sus obligaciones como tal ya que no se probó que el camión trailer T–152 fué el que chocó y ocasionó los daños y es a este camión trailer específicamente al que se refiere la corte en sus conclusiones. Ya hemos dicho que no obstante no haberse identificado el vehículo de la demandada como el T–152, sí se probó que fué un camión trailer de la demandada, guiado por Julio Rodríguez Cosme el que ocasionó los daños.([1]) Y ya hemos resuelto que ''Prueba de que el demandado era dueño del vehículo que causó los daños en la fecha del accidente, crea la presunción *juris tantum* de que en dicha fecha la persona que guiaba era empleado o agente del demandado y que actuaba en el curso del desempeño de sus atribuciones.'' *Lotti* v. *The Charles McCormick Lumber Co.*, 51 D.P.R. 334. Véanse además *Morales* v. *Otero*, 53 D.P.R. 569; *Aponte* v. *Palacios*, 55 D.P.R. 697; *Morales* v. *Delia Mejías, Inc.*, 63 D.P.R. 700. No se rebatió en el presente caso la presunción juris tantum de que el chófer que manejaba el camión de la demandada era su empleado y estaba en el desempeño de sus obligaciones. Por el contrario, hubo prueba de que el camión llevaba una carga de planchas de acero destinada a la Central Mercedita de Ponce.

■■ En cuanto a las sumas concedidas como indemnización, creemos que la de $500 por los daños y sufrimienos de la esposa del demandante es exagerada. La propia corte inferior admite que se demostró que ella recibió ''leves golpes en el pecho y en la cabeza'' sin consecuencias graves de ninguna clase.([2]) Debe rebajarse a $200. En la misma forma, la de $200 concedida por los daños ocasionados al niño

---

([1])Se probó además que dicho chófer estaba en completo estado de embriaguez, se dió a la fuga con el camión y fué detenido en Cayey por la policía.

([2])El único tratamiento que recibió según la enfermera, fué ponerle gorros de hielo y darle fricciones y aspirinas.

Peter debe rebajarse a $100, pues lo único que se demostró fué que recibió una herida punzante y que hubo que ponerle una inyección antitetánica.

*Debe modificarse la sentencia en el sentido indicado en esta opinión, y así modificada, confirmarse.*

### EN MOCION DE RECONSIDERACION.

### RESOLUCIÓN.

San Juan, Puerto Rico, a 18 de enero de 1950.

A la anterior moción de reconsideración, visto el caso de *Reyes* v. *Aponte*, 60 D.P.R. 890, 896, se modifica nuestra sentencia de fecha 9 de diciembre de 1949 dictada en este caso, en el sentido de concederle, como por la presente se le concede, al demandante, la suma de $200 por concepto de sueldos.

El Juez Asociado Sr. Todd, Jr., disintió.