PEDRO ÁNGEL PEREIRA, demandante y apelante, *v.* COMMERCIAL TRANSPORT COMPANY, INC., demandada y apelada.

Núm. 10308.—*Sometido:* Febrero 1, 1951. *Resuelto:* Abril 8, 1952.

*A. Figueroa Rivera,* abogado del apelante; *A. Fernández Sánchez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 30 de enero de 1950 el tribunal inferior dictó resolución negándose a anular un embargo trabado sin fianza sobre bienes muebles de la demandada fundándose en que la hipoteca a que estaban afectos dichos bienes y que fué constituída para garantizar dinero recibido a préstamo con anterioridad al acto del otorgamiento de dicho contrato—inscrita en el registro correspondiente del Registro de la Propiedad de Ponce—tenía la presunción de fraudulenta, por haber sido otorgada a título gratuito, artículo 1249, Código Civil, ed. 1930; *Colón* v. *Schlüter,* 48 D.P.R. 879; *Sosa* v. *Fidalgo,* 56 D.P.R. 50 y *Cortés* v. *Martínez,* 69 D.P.R. 761; y que no habiendo sido destruída la presunción de fraude

mediante prueba fehaciente de la entrega del precio preva-
lecía dicha presunción y en consecuencia la nulidad de dicha
hipoteca, por lo cual el demandante no venía obligado a con-
signar en secretaría el importe de la misma previamente al
embargo, según lo requiere el artículo 10 de la Ley núm. 19
de 3 de junio de 1927 (pág. 491), según quedó enmendado
por la núm. 71 de 5 de mayo de 1930 (pág. 449) (¹), y la de-
cisión de este Tribunal en *Arenas* v. *Batalla, y Francisco,
Interventor*, 48 D.P.R. 31, 37.

Posteriormente, a moción de la demandada, reconsideró
su resolución anterior basándose en los casos de *The Texas
Co.* v. *Estrada, y Alvarez, Int.*, 50 D.P.R. 743; *Nine* v. *Avi-
lés*, 53 D.P.R. 494 y *Nine* v. *Ortiz*, 67 D.P.R. 940, decre-
tando entonces la disolución del embargo, por no haberse
cumplido con los requisitos del artículo 10 de la ley ya ci-
tada, y ordenando la entrega a la demandada de los ve-
hículos embargados por el demandante.

En apelación el demandante sostiene que fué error del
tribunal inferior (1) disolver el embargo trabado y (2) or-
denar la entrega de los vehículos a la demandada.

■■ El embargo en este caso fué trabado el 17 de enero
de 1949 sobre dos camiones de la demandada, para asegurar
la efectividad de una sentencia dictada contra ésta en ac-
ción de daños y perjuicios el día 21 de diciembre de 1948,
modificada en apelación y confirmada por este Tribunal en
*Pereira* v. *Commercial Transport Co.*, 70 D.P.R. 641. A la
fecha del embargo de dichos camiones pesaban sobre ellos y
sobre otra propiedad mueble—también camiones—de la de-

---

(¹) Dicho artículo dispone:

"Ningún deudor hipotecario de propiedad mueble venderá, pignorará y
de otro modo dispondrá o gravará propiedad hipotecada por él, o parte
alguna de la misma sin el consentimiento por escrito del acreedor hipote-
cario. Pero tal propiedad podrá ser embargada previa consignación en la
secretaría de la corte que entienda en el asunto, del importe de la obliga-
ción hipotecariamente garantizada; *Disponiéndose*, que los bienes embar-
gados no podrán ser removidos del municipio en que se encontraren antes
de que tal consignación se hubiese efectuado, salvo lo dispuesto en la sección
9 de esta Ley."

mandada, dos hipotecas constituídas a favor de Heraclio Girón, por las sumas de $12,000 y $10,000 respectivamente, para garantizarle el pago de iguales sumas recibidas a préstamo en dinero efectivo, por las cuales suscribió la demandada dos pagarés a su orden el propio día 20 de octubre de 1948, o sea en la misma fecha en que se constituyeron las dos hipotecas de referencia.

En la vista de la moción sobre disolución de embargo—a la cual moción se opuso el demandante—éste no presentó prueba alguna en apoyo de su alegación de que los pagarés e hipotecas constituídos sobre los bienes de la demandada eran "nulos, simulados, fraudulentos, sin causa" y otorgados "con el fin de defraudar y burlar los derechos del demandante." La demandada ofreció y fueron admitidos en evidencia los documentos acreditativos de las dos hipotecas ya mencionadas.

El demandante descansa principalmente en apoyo de su recurso—al igual que lo hizo en la vista en el tribunal inferior—en la presunción que establece el artículo 1249 del Código Civil, ed. 1930, que en su parte pertinente dispone: "Se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito." También descansa en los casos de *Colón* v. *Schlüter*, supra; *Sucn. Cayere* v. *Monell*, 40 D.P.R. 936 y *Santini Fertilizer Co.* v. *Burgos*, 34 D.P.R. 869. Y arguye que estando las hipotecas en cuestión viciadas de nulidad por la presunción que establece el citado artículo 1249, el que la demandada no presentara prueba para destruir tal presunción, dejó ésta subsistente sin que el demandante viniera obligado a sostener, con prueba, su alegación de fraude.

La dificultad con el argumento del apelante es que—según aparece de autos—las hipotecas sobre los bienes muebles en este caso fueron otorgadas en garantía de pagarés negociables y aun cuando en éstos se hizo constar que se suscribían

"por valor recibido", sin que se indicara que lo fué en el acto de su otorgamiento, de ello no puede derivarse la presunción de que las hipotecas otorgadas en garantía de dichos pagarés sean fraudulentas, pues el tenedor de un instrumento negociable—que es la obligación principal—tiene a su favor la presunción legal de que el pagaré es válido y de que fué otorgado por causa justa y onerosa. Artículo 25 de la Ley Uniforme de Instrumentos Negociables, Ley núm. 17 de 22 de abril de 1930; *The Texas Co.* v. *Estrada, y Alvarez, Int.*, supra; *Nine* v. *Avilés,* supra; *Nine* v. *Ortiz,* supra.

El aquí apelante, que fué quien alegó que los pagarés e hipotecas eran simulados, fraudulentos y nulos, tenía el *onus probandi.* A él correspondía demostrar que tales pagarés eran simulados y fraudulentos y que, en consecuencia, las hipotecas carecían de fuerza legal por falta de causa y haber sido otorgados en fraude de acreedores.

En el caso de autos el demandante descansó en la presunción del artículo 1249 del Código Civil. Pero como las hipotecas fueron constituídas en garantía de pagarés negociables y éstos tenían la presunción legal de que eran válidos y de que fueron otorgados por causa onerosa, dicha presunción—que acompañaba a las obligaciones principales—prevalece como tal sobre la presunción de que habla el artículo 1249 del Código Civil, la cual no tiene sitio de aplicación aquí, pues la causa onerosa está representada por los pagarés. En ausencia de prueba de que en efecto no medió entrega de precio o de que hubiera causa onerosa, la presunción de validez que acompaña a las obligaciones principales hace buena también las obligaciones subsidiarias—las hipotecas.

No habiendo el demandante ofrecido prueba para sostener sus alegaciones de fraude, no amparándole la presunción que invoca del artículo 1249 del Código Civil, y no siendo de aplicación aquí los casos de *Colón* v. *Schlüter,* supra; *Sosa* v. *Fidalgo,* supra; *Cortés* v. *Martínez,* supra; *Sucn. Cayere*

v. *Monell,* supra; y *Santini Fertilizer Co.* v. *Burgos,* supra, debemos resolver que el tribunal inferior actuó correctamente al decretar la nulidad del embargo trabado sobre la propiedad mueble de la demanda sin que se hubiera consignado previamente en el tribunal inferior el importe de las obligaciones garantizadas hipotecariamente. *Araújo* v. *Arenas,* 60 D.P.R. 284.

El primer error señalado no fué, por tanto, cometido, y huelga decir que tampoco el segundo.

*Debe confirmarse la resolución apelada.*