PEDRO GERMÁN ARROYO PRATTS, conocido por PEDRO PRATTS, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PEDRO SANTOS BORGES, JUEZ, demandado; CÁMARA DE COMERCIANTES MAYORISTAS, interventora.

*Número:* C-65-59          *Resuelto:* 24 de mayo de 1966

*Enrique Báez García* y *Víctor E. Báez*, abogados del peticionario; *Rodríguez Ema & Rodríguez Ramón, Rodolfo Sequeira* y *Nicolás Jiménez*, abogados de la interventora.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

PER CURIAM: El Estado Libre Asociado expropió un solar de 250 metros cuadrados inscrito a nombre de la Cámara Insular de Comerciantes. (La Cámara había adquirido el solar al adjudicársele en subasta pública en ejecución de una sentencia que obtuvo contra Eusebio Rosado.) Depositó como su justo valor la suma de $6,500. El inmueble estaba gravado con dos hipotecas garantizando dos pagarés al portador por $2,000 cada uno.

La Cámara de Comerciantes solicitó se le pagara el dinero depositado por el Estado. Se señaló esta moción para el 12 de marzo de 1965. Apareciendo de los autos el gravamen que pesaba sobre el inmueble, el juez ordenó citar a Eusebio Rosado, el anterior dueño. Señaló la vista para el día 19 siguiente. Rosado informó que él había suscrito los pagarés y que pertenecían a Pedro Pratts a quien le debía dos años de intereses. Al terminar esta vista el juez le manifestó a Rosado "Le dice a Pratts que venga a cobrar ese dinero."

El 25 de marzo Pratts suscribe una declaración jurada en la que hace constar que tiene en su poder dos pagarés por $2,000 cada uno firmados por Eusebio Rosado y que se le adeudan $640 de intereses y autoriza al portador del documento firmado a recibir el importe de los pagarés y sus intereses.

El 31 de marzo Pratts es notificado de una Resolución dictada por el Tribunal que lee así:

"Para celebrar una vista y oir a las partes en cuanto al retiro de los fondos en el caso de epígrafe, se señala el día 23 de abril de 1965, a las dos de la tarde.

"En caso de que haya necesidad de practicar alguna prueba en relación con este incidente, las partes deben venir preparadas para tal fin."

El 23 abril comparecen Eusebio Rosado y Pratts. El juez anuncia que se celebrará una vista "para determinar

cuánto y a quién se le entregarán los fondos consignados en este caso que ascienden a la suma de $6,600.00, ya que hay dos pagarés por la suma de $2,000.00 cada uno que se dijo en una vista anterior que el tenedor de los mismos lo era Pedro Pratts. Están listas las partes?"

El abogado de la Cámara anunció estar listo y el juez llama a declarar a Pedro Pratts. Éste le manifestó a la Corte "Yo le voy a pedir una oportunidad para que me represente mi abogado Báez García que fue el que mandó la carta, él tiene la copia." "Yo vine simplemente hoy a buscar mi dinero porque me habían dicho que viniera a buscarlo, no es a practicar prueba."

El juez entonces continúa interrogándolo sobre la transacción habida con Eusebio Rosado y además examinó a este último. Luego dictó resolución concluyendo que "los pagarés en cuestión han pertenecido en todo momento, desde que fueron expedidos, al anterior dueño de dicha propiedad, por lo que ni él ni el referido Arroyo Pratts tienen derecho o interés alguno en los fondos depositados en este caso." Acordamos revisarla.

De los hechos anteriormente expuestos surge que el señor Pratts no tuvo una adecuada oportunidad de establecer su derecho a que se le entregara el importe de los pagarés objeto de la controversia. Es claro que el juez al terminar la sesión del 19 de mayo le expresó al anterior dueño del inmueble que le dijera a Pratts "que venga a cobrar ese dinero". Los propios términos de la resolución señalando una vista para el 23 de abril expresan "En caso de que haya necesidad de practicar alguna prueba." A Pratts debió dársele la oportunidad de estar representado por su abogado y de traer su prueba, si la tenía, para establecer que es dueño de los pagarés que gravan el inmueble expropiado.

*Se sirve mejor a la justicia si dejamos sin efecto la resolución recurrida y devolvemos el caso para que se celebre una nueva vista sobre este incidente ante otro magistrado.*