PEDRO GERMÁN ARROYO PRATTS, ETC., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE EXPROPIACIONES, HON. DOMINGO RAFFUCCI, JUEZ, demandado; CÁMARA INSULAR DE COMERCIANTES MAYORISTAS, ETC., interventora.

*Número:* O-69-29    *Resuelto:* 18 de diciembre de 1969

*Enrique Báez García, Víctor E. Báez* y *José M. Muñoz Silva,* abogados del peticionario; *Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Sequeira* y *Darío Padín Mimoso,* abogados de la interventora.

PER CURIAM: Se trata de los derechos del tenedor de dos pagarés hipotecarios pagaderos al portador en relación con la suma consignada como justo valor en un procedimiento de expropiación forzosa frente a otro acreedor posterior que embargó y se adjudicó el inmueble hipotecado.

En nuestra opinión *per curiam* de 24 de mayo de 1966, *Arroyo Pratts* v. *Tribunal Superior*, 93 D.P.R. 545 (1966), dejamos sin efecto la resolución del tribunal de instancia de 30 de abril de 1965 al efecto de que "los pagarés en cuestión han pertenecido en todo momento, desde que fueron expedidos, al anterior dueño de dicha propiedad, por lo que ni él ni el referido Arroyo Pratts tienen derecho o interés alguno en los fondos depositados en este caso." Dijimos entonces que "A Pratts debió dársele la oportunidad de estar representado por su abogado y traer su prueba, si la tenía, para establecer que es dueño de los pagarés . . . ." Resolvimos "devolver el caso para que se celebre una nueva vista sobre este incidente ante otro magistrado."

En la referida vista, según el peticionario, al ser éste requerido para presentar su prueba alegó que, por ello presumirse, no tenía que probar que él era el dueño *bona fide* de los pagarés. La interventora nos informa que en dicha vista el peticionario basó su contención en varias presunciones que establece la ley. El tribunal de instancia en su resolución de la cual se recurre, y que confirma la anterior de 30 de abril de 1966, indica que "Requerido entonces el señor Arroyo Pratts, a través de su abogado, que procediera a presentar su prueba, éste espontáneamente renunció a así hacerlo, descansando en los méritos de su moción sobre falta de jurisdicción y sometiendo el incidente sin evidencia alguna en apoyo de su pretensión." De lo expuesto concluimos que al ser requerido el peticionario para presentar prueba de que era el dueño *bona fide* de los referidos pagarés, alegó que descansaba en la presunción de la legitimidad de dichos instrumentos en su poder.

En *Pereira* v. *Commercial Transport Co.*, 73 D.P.R. 326 (1952), se trataba de una moción sobre disolución de un embargo sobre bienes muebles hipotecados en garantía de dos pagarés suscritos a favor de una tercera persona. En oposición se alegaba que los pagarés eran nulos, simulados, fraudulentos y sin causa pero en la vista no se presentó prueba en apoyo de esta contención. Dijimos que "el tenedor de un instrumento negociable . . . tiene a su favor la presunción legal de que el pagaré es válido y de que fue otorgado por causa justa y onerosa . . . . El aquí apelante, que fue quien alegó que los pagarés eran simulados, fraudulentos y nulos, tenía el *onus probandi*. A él correspondía demostrar que tales pagarés eran simulados y fraudulentos . . . ."

■ A nuestro juicio, el recurrente cumplió con lo dispuesto en nuestra opinión *per curiam* de 24 de mayo de 1966 al invocar la presunción a que hicimos referencia en *Pereira*, supra. Por lo tanto, incidió el tribunal de instancia al exigirle que presentase prueba adicional y, al negarse a hacerlo el recurrente, al confirmar su orden de 30 de abril de 1969 previamente aquí relacionada, sin que el acreedor posterior adujera prueba alguna.

■ Sin embargo, como en vista de la actuación del tribunal de instancia, la interventora no ha tenido oportunidad de ofrecer, alegar y probar que los pagarés en este caso son simulados, fraudulentos y nulos, en bien de la justicia *se devuelve el caso al tribunal de instancia para que se le conceda una oportunidad de alegar y probar lo que a su juicio proceda con respecto a los pagarés en cuestión.*